**FEI YAN YUAN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, and The Department of Homeland Security, Respondents.**

**No. 05–6857–ag.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Stuart Altman, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondents.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Fei Yan Yuan petitions for review of the BIA's December 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Alan A. Vomacka's order denying Yuan's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard.

The IJ dismissed Yuan's family practice policy and illegal departure claims as well as her CAT claim. The IJ also found that Yuan had not personally suffered past persecution based on her religious beliefs. Yuan, however, does not raise any of these claims in her petition for review to this Court and we therefore consider them waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

It is not apparent whether the IJ made an explicit adverse credibility finding here, but even if he did, he also assumed the veracity of Yuan's claims and found that she had failed to establish her burden of proof of either past persecution or a well-founded fear of persecution upon her return to China. The IJ first found no evidence indicating that authorities were interested in personally persecuting Yuan. Yuan only testified to one occasion when she witnessed a government intrusion and the IJ noted there was no indication authorities were interested in her due to her mother's or her involvement in preaching the gospel to other villages. Yuan made no assertions that authorities were interested in her when they detained her mother. Furthermore, the fact that Yuan initiated her departure plans from China prior to that event undermines her claim that she left in fear that authorities would arrest and detain her too.

The IJ and BIA also reasonably determined that Yuan left her village when she was approximately sixteen years old and was able to practice her religion in Fuzhou City with no problems or restrictions. The IJ and BIA thus reasonably determined that she could relocate to another part of China in order to avoid persecution. *See* 8 C.F.R. 1208.13(b).

The IJ and BIA's reasons for denying Yuan's asylum application is thus based on

substantial evidence. Because the evidence was insufficient to establish a threat to the petitioner's life or freedom, that determination necessarily precludes success on the claim for withholding of removal.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).